### In re JORDAN.
### Patent Appeal No. 2791.

Court of Customs and Patent Appeals.
Nov. 27, 1931.

Wm. Nevarre Cromwell, of Chicago, Ill., and Earle D. Crammond, of Washington, D. C. (John W. Cox, of Chicago, Ill., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the rejection by the primary examiner of the following design claim: "The ornamental design for a tire casing, substantially as shown."

The references relied upon by the board are:

Copley (Design), 65,433, August 19, 1924 (wheels and tires).

Soulen (Design), 71,771, December 28, 1926.

The claim relates to a design for an automobile tire casing, and is concerned chiefly with the make-up of the tread and the surfaces on each side adjacent to said tread. While the design is a difficult thing to describe without the aid of the drawings, it may be said that there is shown a tire casing having a central rib in the tread, bordered on each side by a groove. These grooves, however, are broken at regular intervals by intersecting grooves which meet them as they come from the outside edges of the tire face. These intersecting grooves start at the sides of the tread in a direction at right angles to the circumference of the tire, and then are turned so that they cut across the face of the tire in an oblique angle, all of such grooves being at the same angle. The result of this construction is that the blocks of rubber at the edges of the tread, which lie between adjacent transverse grooves, are staggered in position on opposite sides of the tread. It also appears that near one corner of the inner edge of each of these blocks there is a thin wall of rubber connecting them with the central rib already referred to. The remaining feature of the design claimed is a succession of four concentric beads of rubber appearing on each side surface of the tire immediately adjacent to the tread.

In its decision the Board of Appeals said:

"The design, as it appears to us, is substantially that of Copley, the slots or cut-

away portions of the central blocks being extended further in the Copley design than in that of the applicant. We regard the change as merely one of degree and, if suggestion were needed, it is found in the Soulen patent, wherein the cutaway portions of the central part are not so deep as in the Copley design.

"These designs for tire treads are regarded as only incidentally ornamental in any event, as the primary purpose of these tire treads is to prevent skidding and slipping. We agree with the examiner that the slight variation in the applicant's design over that disclosed in the references does not produce any materially different design or ornamental effect and involved but an obvious change at best."

In the case of Follen v. Lambert Tire & Rubber Co. (D. C.) 8 F.(2d) 303, 304, the court said: "A design patent should disclose a new idea, springing from the inventive faculties of the patentee, and produce something new, original, and ornamental in the particular art, or a definite and decided advance or improvement therein as will be pleasing to the eye, and transcend all that has appeared before, as applied to the same character of article."

Although appellant emphasizes the fact that his design covers the tire casing, while the references cover only tire treads, the question remains whether there is such similarity between appellant's design and the designs shown in the references that the former did not involve invention. We are clear that, in view of the references, the production of appellant's design did not involve exercise of the inventive faculty.

The decision of the Board of Appeals is affirmed.

Affirmed.